UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TERRELL JOHNSON,<br><br>                    Petitioner,<br><br>        v.<br><br>SOTO, Warden,<br><br>                    Respondent. | No.  2:12-cv-2887 MCE DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the pending petition as untimely.  Petitioner has filed an opposition to the motion, and respondent has filed a reply.  On June 14, 2013, counsel for both parties appeared before the court for a hearing on the motion.  For the reasons stated herein and on the record, the court will recommend that respondent's motion to dismiss be denied.

### BACKGROUND

   On December 1, 2006, a Sacramento County Superior Court jury found petitioner guilty of murder occurring during the commission of an attempted robbery, five counts of robbery, and two counts of attempted robbery.  The jury also found that petitioner had personally used a firearm during the commission of his crimes.  On January 19, 2007, petitioner was sentenced to life imprisonment without possibility of parole for the special-circumstance murder, plus twenty-

1  five years to life imprisonment on the firearm enhancement attached to the murder count, plus a

2  determinate term of thirty-four years four months in state prison on the remaining counts and

3  allegations. (Resp't's Lodged Docs. Nos. 1 & 5.)

4  On March 30, 2010, the California Court of Appeal for the Third Appellate District

5  affirmed the judgment of conviction in a published decision. On April 26, 2010, through

6  appointed counsel, petitioner filed a petition for review in the California Supreme Court. On July

7  14, 2010, the California Supreme Court denied review. Almost a year later, on June 29, 2011,

8  petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court,

9  which was denied on August 23, 2011. On September 28, 2011, petitioner filed a petition for writ

10  of habeas corpus in the California Court of Appeal, which was summarily denied on October 6,

11  2011. Finally, on June 21, 2012, petitioner filed a petition for writ of habeas corpus in the

12  California Supreme Court, which the court denied on October 10, 2012, with citations to People

13  v. Duvall and In re Swain. (Resp't's Lodged Docs. Nos. 5-14.)

14  On October 24, 2012, petitioner filed his federal petition for writ of habeas corpus in the

15  California Court of Appeal, which that court returned to petitioner along with a letter dated

16  November 6, 2012. (Pet. at 8-9.) Petitioner then filed his federal petition with this court on or

17  about November 28, 2012. On December 10, 2012, the court directed respondent to file a

18  response to the petition. Before respondent filed a response in this case, however, petitioner filed

19  a motion for appointment of counsel. On January 14, 2013, the court appointed the Federal

20  Defender to represent petitioner. On February 22, 2013, the parties appeared before the court for

21  a status conference. Counsel for respondent informed the court that respondent intended to file a

22  motion to dismiss. Pending before the court is respondent's motion to dismiss on the grounds

23  that petitioner's habeas petition is time-barred.[1]

---

[1] Counsel for respondent also moved to dismiss the pending petition as unexhausted, arguing that petitioner had failed to fairly present Ground 5 of his federal petition to the California Supreme Court. Counsel for petitioner has acknowledged that Ground 5 of the petition is unexhausted and has requested that the court deem the unexhausted claim stricken from the pending petition. Counsel has also requested leave to amend the petition limited to the four exhausted claims in order to bring the petition into conformance with the rules, procedures, and general expectations of the court. Good cause appearing, the court will recommend granting petitioner's requests.

2

**DISCUSSION**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A)</u>

As noted above, on December 1, 2006, a Sacramento County Superior Court jury found petitioner guilty of murder occurring during the commission of an attempted robbery, five counts of robbery, and two counts of attempted robbery. The jury also found that petitioner had personally used a firearm during the commission of his crimes. On January 19, 2007, petitioner was sentenced to life imprisonment without possibility of parole for the special-circumstance murder, plus twenty-five years to life imprisonment on the firearm enhancement attached to the

murder count, plus a determinate state prison term of thirty-four years four months on the remaining counts and allegations. On March 30, 2010, the California Court of Appeal affirmed the judgment of conviction in a published decision. On July 14, 2010, the California Supreme Court denied review.

The parties do not dispute that, for purposes of federal habeas review, petitioner's judgment of conviction became final on October 12, 2010, ninety days after the California Supreme Court denied review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on October 13, 2010, and expired one year later on October 12, 2011. Petitioner did not constructively file his federal habeas petition in this case until October 24, 2012. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that interval Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

The primary dispute between the parties is whether petitioner is entitled to "gap tolling" for the 259-day period between the date the California Court of Appeal denied his petition for writ of habeas corpus and the date petitioner filed his petition for writ of habeas corpus with the California Supreme Court. To be sure, an *unexplained* delay between the denial of one state petition and the filing of the next is unreasonable and not grounds for interval tolling. See

Velasquez v. Kirkland, 639 F.3d 954, 967-68 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010).  Here, however, petitioner has satisfactorily explained much of the delay involved in filing his habeas petition with the California Supreme Court.

Specifically, on November 15, 2011, prison officials placed petitioner in administrative segregation upon obtaining information that he was the target of an assault.  (Petn'r's Opp'n to Resp't's Mot. to Dismiss, Exs. C & D.)  Prison officials took all of petitioner's personal property, including his legal papers at that time.  (Id., Exs. E & F.)  On November 23, 2011, petitioner told classification hearing officials that he had a court deadline.  (Id., Ex. G.)  Petitioner also submitted a request to the California Supreme Court of an extension of time from December 5, 2011, to January 5, 2012, to file a habeas petition on the grounds that he had been in administrative segregation and did not have case numbers or the original writs he needed to file with the court.  (Resp't's' Lodged Docs. No. 13 at 45.)

On December 14, 2011, petitioner received his personal property in administrative segregation but found that his legal papers were missing from the personal property returned to him and filed an inmate appeal seeking their return that same day.  (Petn'r's Opp'n to Resp't's Mot. to Dismiss, Ex. H.)  A month later, petitioner re-filed the inmate appeal and specifically mentioned "a blue legal folder which contained all of appellant's legal documents needed by him to obtain any court's post-conviction judicial review of his criminal case."  (Id., Ex. I.)  On March 7, 2012, a Sergeant Robichaud reviewed the inmate appeal at the first level of review but denied it as to petitioner's missing legal papers.  (Id., Ex. E.)  On May 2, 2012, Warden Virga reviewed the appeal at the second level of review and noted that "Officer Wooden informed Sergeant Robichaud that he did not see a blue folder with legal work."  (Id., Ex. J.)

On May 10, 2012, petitioner filed a request with the California Court of Appeal for a free copy of the file in his Case No. C069320.  (Appellate Courts Case Information, 3rd Appellate District, Case No. C069320.)[2]  On that same day, the state appellate court sent him the requested

---

[2] At the June 14, 2013 hearing on the pending motion to dismiss, counsel for petitioner submitted to the court the Appellate Courts Case Information sheet referenced herein.  That court record reflects that petitioner requested and received a free copy of the file in his Case No. C069320.  The parties agreed to include the case information sheet as part of the record in this action.

free copy of the case file. (Id.) Thereafter, petitioner recreated his legal papers, and on June 21, 2012, petitioner filed his petition for writ of habeas corpus in the California Supreme Court.

The facts underlying the 259-day gap in petitioner's habeas filings are largely undisputed. Viewing the facts most favorably to petitioner, see Evans v. Chavis, 546 U.S. 189, 201 (2006) ("Thus, viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months."), the court finds that petitioner is entitled to gap tolling from November 15, 2011, the date he was placed in administrative segregation to May 10, 2012, the date the California Court of Appeal responded to his request by sending him a copy of the file in his Case No. C069320. The court bases this finding on the fact that petitioner has satisfactorily explained the delay. See In re Crockett, 159 Cal. App. 4th 751, 757 (2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.").

With such tolling, the pending petition for federal habeas relief is rendered timely. Specifically, 260 days elapsed under the AEDPA statute of limitations between the date petitioner's conviction became "final" and the date he filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. Another 82 days elapsed between the date petitioner received the California Court of Appeal's denial of his petition for writ of habeas corpus and the date he filed a petition for writ of habeas corpus in the California Supreme Court. Finally, 14 days elapsed in between the date the California Supreme Court denied his petition for writ of habeas corpus and the date petitioner constructively filed his petition in this court. Based on this calculation, only 356 days of the one year statute of limitations for seeking federal habeas relief had expired when petitioner sought habeas relief in this court. Accordingly, respondent's motion to dismiss should be denied.[3]

/////

/////

---

[3] In light of the undersigned's recommendation herein that the pending habeas petition be found timely filed, the court need not address petitioner's alternative argument that he is entitled to equitable tolling of the statute of limitations.

6

# CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 19) be denied;

2. Petitioner's request to deem Ground 5 of the petition stricken (Doc. No. 24) be granted;

3. Petitioner's request to amend the petition limited to the four exhausted claims in order to bring the petition into conformance with the rules, procedures, and general expectations of the court (Doc. No. 24) be granted; and

4. Petitioner be directed to file an amended petition within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2887.57